[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
John R. Williams for plaintiff.
Ullman, Perlmutter Sklaver for defendant.
This case comes before the court post-verdict upon the defendant's request that the court made a finding, pursuant to General Statutes § 52-226a, that the action was without merit and was not brought in good faith.
The statute invoked by the defendant provides as follows:
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of section 52-568.
The parties have not directed the court to any appellate case law construing this statute, and this court has not located any appellate precedents. Some trial courts have made or declined to make findings pursuant to § 52-226a without analysis, see e.g.,Fox v. Fox, Superior Court, Judicial District of Hartford-New CT Page 6871 Britain at Hartford, Docket No. 700905 (July 23, 1991). One court has applied § 52-226a after finding that an action was brought in bad faith as defined in the Connecticut Uniform Trade Secrets Act, at § 35-54 C.G.S. Clinipad Corp. v. Aplicare Inc.,4 Conn. L. Rptr. 88 (May 21, 1991), on the basis that the plaintiff had adduced no evidence of misappropriation of trade secrets against several of the defendants against whom misappropriation was alleged.
Another court has based a finding of lack of merit solely on the fact that the jury found against the plaintiff; however, that court found no basis for a finding that the action "was not brought in good faith" pursuant to § 52-226a because the court did not find that the evidence indicated that the plaintiff or her counsel "had a state of mind indicating a dishonest purpose, intending to defraud the defendant or [that they were] unfaithful to their duty or obligation." Indomenico v. Mr. Sparkle Car Wash, Inc., Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 372997 (September 4, 1992).
Scrutiny of appellate decisions in analogous contexts is useful. In Fattibene v. Kealey, 18 Conn. App. 344, 360 (1989), the Appellate Court ruled that the trial court had inherent authority to order payment of fees when the losing party has acted "in bad faith, vexatiously, wantonly or for oppressive reasons." In that context, which, like § 52-226a, involved sanctions for misuse of the courts, the Appellate Court ruled that a finding of bad faith requires evidence that the challenged actions "are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." The Court noted that "[w]hether a claim is colorable, for purpose of the bad-faith exception, is a matter of `whether a reasonable attorney would have concluded that facts supporting the claim might be established, not whether such facts had been established." (emphasis in original); Fattibenev. Kealey, 18 Conn. App. 361, quoting Nemeroff v. Abelson,620 F.2d 339, 348 (2d Cir. 1980).
It is quite plain that the lawsuit now before this court was initially brought without any appreciation of the applicable law and the limitations of § 31-293a C.G.S., and that the plaintiff pursued the case in a histrionic manner and for purposes of harassing, burdening and stigmatizing an adversary on the basis of resentments going beyond the particular shoving incident ostensibly at issue. The plaintiff's motivation in bringing suit is not, however, the issue as to the imposition of sanctions. She produced testimony CT Page 6872 which, though it was not very likely to be believed, would have established a claim if it had been believed, thereby rendering her claim "colorable" within the definition supplied in Fattibene. Since her claim was "colorable" within that low standard, this court will not apply the sanction of entering the finding requested by the defendant, who remains free to pursue his claim of vexatious litigation.
Hodgson, Judge